UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS CARPENTER, | ) | CASE NO. 5:09 CV 478 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STARK COUNTY, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On March 3, 2009, *pro se* plaintiff Dennis Carpenter filed this action under 42 U.S.C. § 1983 against Stark County, Ohio, Charles Brown, Todd D. Bosley, and Chryssa Hartnett. In the complaint, plaintiff alleges the defendants violated his rights under the Sixth and Fourteenth Amendments. He seeks monetary damages and injunctive relief.

**I. Background**

Mr. Carpenter's complaint contains almost no facts. It is divided into three Counts. In Count I, he asserts that he was incarcerated in the Stark County jail pending trial. He claims that "as a result of all Defendants receiving continuous negligence; malicious activities, prejudicial acts; lack of advocate; Due Process Clauses; Matter of jurisdictional subject nature; enacting clauses; as well as usurpation issues," he was deprived of equal protection of the law. (Compl. at

3.) In Count II, Mr. Carpenter alleges that the defendants "knowingly, recklessly, with deliberate indifference, and callous disregard of plaintiff's constitutional rights failed to instruct, supervise, control, failure of abiding by enacting laws' including subject matter jurisdiction in further usurpation clauses." (Compl. at 4.) He contends he suffered emotional stress and financial difficulties. Finally, in Count III, Mr. Carpenter claims the defendants acted in "bad faith, usurpation, with deliberate indifference through policies, customs, and procedures under color of law . . ." (Compl. at 5.) He asserts he was subjected to cruel and unusual punishment from the "wilful conspiratorial practices orchestrated by the above said defendants, and others not know to Plaintiff." (Compl. at 5.)

**II. Analysis**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations

2

respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. Mr. Carpenter's complaint contains only vague conclusory allegations that his civil rights were violated by the defendants. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also*, *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Even liberally construed, the complaint does not contain sufficient allegations to meet federal notice pleading requirements.

### III. Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

Dated: April 29, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.